AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of electronic media storage, including CD-ROMs, thumb drives, and diskettes, held in evidence at the Washington Field Office, Federal Bureau of Investigation.

### APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

CASE NUMBER:

(Further described below)

I    Kathleen M. Bryant    being duly sworn depose and say:

I am a(n)    Special Agent with the Federal Bureau of Investigation    and have reason to believe that,
(Official Title)

contained on electronic media storage, including CD-ROMs, thumb drives, and diskettes, in the possession of CHRISTOPHER LEE ORLOSKI at the time of his arrest, as further described in the attached affidavit,

in the District of Columbia, there is now concealed information related to threats made by CHRISTOPHER LEE ORLOSKI, including but not limited to plans and documents for explosives and materials, including chlorine, such as orders, instructions on how to handle and store dangerous materials, directions, and maps to government buildings and property, as more fully described in the accompanying affidavit,

which is evidence, fruits, and instrumentalities of crimes concerning a violation of Title 18 United States Code, Section 1038. The facts to support a finding of Probable Cause are as follows:

**SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN.**

Continued on the attached sheet and made a part hereof.    YES ☐ NO

Aaron Mendelsohn
Federal Major Crimes             Signature of Affiant
(202)202-514-9519

Sworn to before me, and subscribed in my presence

_____    at Washington, D.C.
Date

_____    _____
Name and Title of Judicial Officer   Signature of Judicial Officer

## AFFIDAVIT

I, Kathleen M. Bryant, hereinafter being duly sworn, depose and say:

1. I am a Special Agent for the Federal Bureau of Investigation (FBI) assigned to the Washington Field Office, in the District of Columbia. I have been employed as an FBI Special Agent for approximately three years. I have six years previous law enforcement as a municipal law enforcement officer in the State of Texas. My current assignment since November 2006 is on the National Capitol Response Squad, which responds to incidents of suspicious packages and devices in the National Capitol Region.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, § 2510(7), as a Special Agent of the FBI. As such, I am empowered to conduct investigations of and make arrests for the offenses enumerated in Title 18, United States Code, § 2516 and for other federal felony offenses.

3. The information in this affidavit is not an exhaustive account of my knowledge of the events described. Rather, this is a summary submitted for the purposes of establishing probable cause to search electronic media storage of xxxxxxxxxxxxxxxxxxxxxxxxxxxx. xxxxxxxxxx was arrested on June 4, 2007, pursuant to a United States District Court for the District of Columbia warrant for a violation of Title 18, United States Code, § 1038 in Case No. 07-258-M-01. At the time of his arrest, as detailed in Paragraph 5 of this Affidavit, xxxxxxxxxxxxx had numerous electronic media storage -- including 44 CD-ROMs, 5 thumb drives, and 3 diskettes -- in his possession. xxxxxxxxxxxxx is currently in the custody of the U.S. Marshals.

4. On May 27, 2007, xxxxxxxxx left a water bottle containing an unknown liquid alongside papers containing a threatening email and other threatening documents in the grotto located on the U.S. Capitol grounds near the U.S. Senate air shaft, which is located at the intersection of

Constitution Avenue and 1st Street, N.W., Washington, D.C.  U.S. Capitol Police responded to the location and recovered a water bottle which they believed might contain a contraband liquid, and papers which contained the following threatening documents:

    (a) A copy of an email dated May 27, 2007, from **xxxxxxx@yahoo.co.jp** to xxxxxxxxxxx at the Defense Intelligence Agency (DIA) and Scott Simons at the U.S. Secret Service (USSS).  The subject line of the email stated "Cloreen (sic) to visit U.S. Capitol."  The first line in the text of the email stated "I am going to release Cloreen (sic) in DC.  What u tink abuut dat, asswhips?"

    (b) Contained in the above email was a copy of another email that xxxxxxxxx had previously sent to the United States Senate Committee on Appropriations on May 26, 2007.  The subject line of this letter again stated "Cloreen (sic) to visit U.S. Capitol."  The email also stated "See photographic predictive analysis on the efficiency of chlorine on the U.S. Senate to correct U.S. Senate behavior: a U.S.S. Office key flattened by chlorine tanker to and from U.S. CENTCOM at Mac Dill AFB."  The letter was signed by xxxxxxx with the address of Washington Adventist Hospital, where xxxxxxx had been hospitalized the week before the incidents described in the affidavit.

    (c) A copy of a letter dated May 14, 2007, sent by xxxxxx to Chief Judge xxxxxxxxxxxx of the United States Court of Appeals for the First Circuit dated May 14, 2007, in which xxxxxxxxx wrote "The U.S. district courts will learn to obey the U.S. Constitution or perish."

5.    xxxxxxxx was interviewed by a Special Agent with the U.S. Capitol Police on May 31, 2007, at approximately 4:00 a.m.  During the interview, XXXXXXX admitted to the Special Agent that he had left the documents as described in paragraph 4, above, in the grotto area on the U.S. Capitol grounds.

6.    On June 4, 2007, XXXXXXX was arrested in the U.S. Library of Congress pursuant to the

arrest warrant issued by the United States District Court for the District of Columbia charging him with a violation of Title 18, United States Code, § 1038. At the time of his arrest, XXXXXXX had electronic media storage in his possession, as described in paragraph 10 of this affidavit.

7. After being advised of his <u>Miranda</u> rights, XXXXXXX stated – in response to questions regarding the water bottle and documents left in the grotto area on the U.S. Capitol grounds – that it was an "experiment" and that he was "conducting research." XXXXXXX also said that he did not have a laptop computer but that he used the public computers at the U.S. Library of Congress "to document occurrences."  8. Because this warrant requests permission to search electronic media storage a technician specially trained in the use and retrieval of information from electronic media will assist the FBI in its search of the electronic media storage.

9. Searching electronic media storage for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of electronic media storage available requires computer experts who specialize in some systems and applications, so it is difficult to know before a search which expert is qualified to analyze the system and its data. In any event, however, data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover "hidden", erased, compressed, password-protected, or encrypted files. Because electronic media storage evidence is extremely vulnerable to inadvertent or intentional modification or destruction both from external sources and from destructive code imbedded in the system as a "booby trap", a controlled environment is essential to its complete and accurate analysis.

10. Because XXXXXXX does not have a computer to store his documents, it is believed that the electronic media storage that XXXXXXX had in his possession at the time of his arrest contains the original threat information, as described in paragraph 4, above, as well as information related to the

threats, including but not limited to plans and documents for explosives and materials, including chlorine, such as orders, instructions on how to handle and store dangerous materials, directions, and maps to government buildings and property. Based on the above, Affiant believes there is probable cause to search electronic media storage -- including CD-ROMs, thumb drives, and diskettes -- that is currently in the U.S. Capitol Police property storage which was seized from XXXXXXX at the time of his arrest, as follows:

a) 3 black diskettes, Maxell 2HD, no label, in plastic bag

b) 20 Sony CD-ROMs 700MB discs in clear plastic bag

c) Maxell CD-ROMs "1.1.1", loose

d) Imation 4.7GB CDs stating "2006oct21 core" and "2006oct21 01". Both in same paper cover

e) HP 700MB CDs stating "2006oct24.02 2/2" and "2006oct24.01 1/2". Both in same paper jacket.

f) HP Ivent 700MB "2007Apr24 core .02" CD in "1.1 dev" paper jacket

g) HP Ivent 700 MB "2007Apr24 MP3" CD in paper jacket

h) Imation 4.7GB CDs stating "2006Nov14 backup" and "2006Oct30 all". Both in same jewel case

i) Imation 700MB CDs stating "2006dec30 core 1/2" and "2006dec30 core 2/2". Both in same jewel case

j) Memorex 700MB CDs stating "2006Nov12 core 2/3 RAR" and "2006Nov12 core 3/3 RAR". Both in same jewel case.

k) Sony 700MB CDs stating "2007Jan16 core 02/02" and "2007Jan16 core 01/02". Both in same jewel case.

l) Maxell CD-R 700MB in blue jewel case, no writing on disk

m) Maxell 700MB CD-ROMs stating "20070517 core working", "20070514 MAS finals" and "20070514 MAS projects". All in same jewel case.

n) DVD-R titled "Princo Budget" in paper

o) CD stating "20070511 MP3" in a paper jacket with "the Zellinski Family, call 1-888-529-3967" on the back of the paper jacket.

p) Sony CD-R 700MB, in yellow paper folded up, no writing on the disk

q) CD-R, 700MB stating "2.0" loose

r) CD stating "1.1" in a paper jacket that has "1.1nodir" on the corner.

s) Lexar Memory stick, purple, 256MB x2 #256100BV4603, located in blue OGIO computer bag

t) Grey USB thumb drive 2.0 256MB 1½" #06401AAAV, located in blue OGIO computer bag

u) PNY purple and gray 2" thumb drive #0327BWK6990128, located in blue OGIO computer bag

v) Twin MOS 2" mobile disk 24 USB thumb drive, 2.0 4 GB, located in blue OGIO computer bag

w) Imation blue and gray 1½" 128MB thumb drive HMDS128D #E-D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, located in blue OGIO computer bag.

**CONCLUSION**

11.     Based on the foregoing, there is probable cause to believe that a violations of Title 18, United States Code, § 1038 has occurred, and that evidence, fruits, and instrumentalities of said violations are contained on the electronic media storage as described in paragraph 10, above.

_____
Kathleen M. Bryant
Special Agent
Federal Bureau of Investigation (FBI)

SWORN TO AND SUBSCRIBED BEFORE ME THIS _____ DAY OF JUNE, 2007 IN THE DISTRICT OF COLUMBIA.

_____
UNITED STATES MAGISTRATE JUDGE